**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NORA LILIAM LOPEZ LOPEZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    18-73467

Agency No. A203-078-639

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 13, 2023[**]
Pasadena, California

Before:  LEE, BRESS, and MENDOZA, Circuit Judges.

Nora Liliam Lopez Lopez (Lopez), a native and citizen of Colombia, petitions

for review of a Board of Immigration Appeals (BIA) decision dismissing her appeal

of an immigration judge (IJ) order denying her motion to continue proceedings and

ordering her removed to Colombia.  We have jurisdiction under 8 U.S.C. § 1252 and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

deny the petition.

"Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). "An IJ's decision not to continue a hearing is reviewed for abuse of discretion . . . ." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (quoting *Arrey v. Barr*, 916 F.3d 1149, 1158 (9th Cir. 2019)).

The BIA did not abuse its discretion in denying Lopez's motion for a continuance of her removal proceedings. In removal proceedings, IJs "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. In determining whether good cause supports a continuance, the IJ engages in a multifactor analysis, principally focusing on "the likelihood that the collateral relief will be granted and will materially affect the outcome of the removal proceedings." *Matter of L-A-B-R-*, 27 I. & N. Dec. 405, 406 (A.G. 2018). "The decision to grant or deny the continuance is within 'the sound discretion of the judge and will not be overturned except on a showing of clear abuse.'" *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (quoting *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008)).

The denial of Lopez's motion to continue proceedings was not an abuse of discretion. Lopez cites no authority indicating that the BIA was required to grant a continuance pending a second I-751 petition after the denial of her first petition.

2

Given Lopez's criminal history, her failure to attend or reschedule the interview in connection with her initial I-751 petition, and her failure to file a motion to reopen or reconsider the proceedings under that petition, the BIA did not commit "clear abuse" by finding that any relief on Lopez's second I-751 petition was speculative. Nor did this denial constitute a denial of due process. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (noting that a petitioner "must show error and substantial prejudice" to prevail on a due process challenge (quotation omitted)).

**PETITION DENIED.**